UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TONY E. EMERY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00142-WTL-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Petition for a Writ of Habeas Corpus**

Petitioner Tony E. Emery brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons explained below, because § 2241 does not provide Mr. Emery an avenue for the relief he seeks, his petition must be **denied**.

**I. Standards Governing § 2241 Proceedings**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). However, § 2255(e) provides that if § 2255 is "inadequate or ineffective to test the legality of his detention," Mr. Emery may file an application for a writ of habeas corpus under 28 U.S.C. § 2241. Section 2255(e) is known as the "savings clause." Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (*en banc*)(quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To properly invoke the savings clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more

than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.*

A section 2255 motion is inadequate or ineffective if the following three requirements are met: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017).

## II. Background

Mr. Emery was convicted by a jury of killing a federal witness and sentenced to life imprisonment by the Western District of Missouri. *See United States v. Emery*, No. 97-cr-6004-W-HFS (W.D. Mo. 1997). His judgment was affirmed by the Eighth Circuit in 1999. *See United States v. Emery*, 186 F.3d 921, 927 (8th Cir. 1999) (holding the trial court properly instructed the jury that "two or more persons may kill an individual when they actively participate with each other in a killing, as by jointly assaulting and injuring her in a manner that could result in death, when the assaults are made with the intent to kill, even if you are unable to determine who struck the fatal blow").

Mr. Emery filed a § 2255 motion which was denied in 2003 by the Western District of Missouri. *See Emery v. United States*, No. 01-cv-6005-W-HFS (W.D. Mo. 2001) (Memorandum and Order, dk 30, signed April 18, 2003). In Mr. Emery's § 2255 motion, he claimed that he should have been given a new trial based on newly discovered evidence that his accomplice told another inmate that he struck fatal blow. *Id.* at p. 8. But, the district court found that as long as Mr. Emery

had actively participated in killing, it was immaterial whether Mr. Emery or his accomplice struck the fatal blow, such that the admission of the new evidence would not have produced acquittal. *Id.* It also found that even if the accomplice was more culpable in a moral sense, as the most active murderer, and deserved more than 22 years' imprisonment, this would not relieve Mr. Emery from legal responsibility or a life sentence, as the person with the principal motive, the planner and recruiter, and an active participant in the killing. *Id.*

Mr. Emery appealed the district court's decision and the Eighth Circuit denied the certificate of appealibility. *See Emery v. United States*, No. 04-1595 (8th Cir. 2004). The Supreme Court denied his petition for writ of certiorari on May 16, 2005. *See Emery v. United States*, 544 U.S. 1042 (2005).

On March 19, 2018, Mr. Emery filed an amended motion to vacate which was denied as untimely and frivolous on May 3, 2018. *See Emery v. United States*, No. 5:01-cv-6005-HFS (W.D. Mo. 2001). On May 25, 2018, Mr. Emery filed a notice of appeal. *Id.*

This petition for relief pursuant to § 2241 followed.

### III. Discussion

Mr. Emery seeks relief pursuant to § 2241, arguing that "collateral estoppel principles embodied in the Fifth Amendment guarantee against Double Jeopardy/Due Process precludes the trial of the Petitioner on" his criminal indictment. *See* Dkt. No. 1. Apparently, Mr. Emery contends that both he and Herbert J. Emery cannot both be convicted for the death of Christine A. Elkins pursuant to 18 U.S.C. § 1512(a)(1)(C), in separate criminal cases in the Western District of Missouri.

The United States argues that this action should be dismissed because Mr. Emery has raised these same arguments on other occasions and nothing has changed since his most recent habeas petition was denied in the Western District of Missouri. Put differently, § 2255 cannot be "inadequate" considering Mr. Emery raised this and similar claims, unobstructed, on direct appeal. *United States v. Emery*, 186 F.3d 921 (8th Cir. 1999).

Because Mr. Emery already argued that both he and Herbert J. Emery cannot both be guilty of killing Ms. Elkins on direct appeal, he cannot raise that same argument again here. 28 U.S.C. § 2244(a). Moreover, Mr. Emery does not rely on an intervening Supreme Court decision or the discovery of new evidence to support his claim. Absent new evidence or a retroactive change in substantive law, § 2255 prevents "the district court in which prisoners are held from reviewing the decisions of the district court and circuit where the prosecution occurred." *Webster,* 784 F.3d at 1149 (J. Easterbrook, *dissenting*). He has therefore failed to show that he is entitled to present this claim in his § 2241 petition.

### IV. Conclusion

Based on the foregoing, Mr. Emery has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**. Judgment dismissing this action with prejudice shall now issue. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) (holding that dismissal for failure to satisfy § 2255(e) is a dismissal with prejudice).

**IT IS SO ORDERED.**

Date: 12/3/18

_____
Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

TONY E. EMERY
22856-013
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov